■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALSH, Appellant. [596 NYS2d 705] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered October 24, 1989, convicting him of rape in the first degree (three counts), sodomy in the first degree, sexual abuse in the first degree (four counts), robbery in the second degree, assault in the second degree (two counts), and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit. Bracken, J. P., Balletta, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [596 NYS2d 705] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered December 19, 1991, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the defendant's plea of guilty was knowingly and voluntarily entered (see, People v Harris, 61 NY2d 9). Moreover, any application by the defendant to ameliorate the conditions under which he is incarcerated should be made to the New York State Department of Correctional Services (see, People v Napolitano, 138 AD2d 414). Appellate review of the remaining issue raised by the defendant was effectively waived by him as a part of his negotiated plea of guilty. Accordingly, the judgment of conviction is affirmed (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.