■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL HAYES, Appellant. [657 NYS2d 973] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered May 21, 1996, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON HAYES, Appellant. [657 NYS2d 973] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered January 16, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have examined the record and find that the defendant's plea of guilty and his waiver of his right to appeal, made with the advice of his counsel, were knowingly, intelligently, and voluntarily entered as a part of a plea agreement (*see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). In any event, the defendant's challenge to the factual adequacy of his plea allocution is unpreserved for appellate review (*see, People v Claudio,* 64 NY2d 858; *People v Kimble,* 176 AD2d 822), and

without merit (*see, People v Harris,* 61 NY2d 9, 16; *People v Nixon,* 21 NY2d 338, 353).

Furthermore, the defendant was afforded meaningful representation of counsel (*see, People v Rivera,* 71 NY2d 705, 708; *People v Baldi,* 54 NY2d 137, 146-147). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.