OPINION OF THE COURT
Titone, J.
In People v Seaberg (74 NY2d 1), we held that the right to appeal may be waived as a condition of a sentence or plea bargain, provided that the waiver was voluntarily made and no important public policies or societal interests are implicated. These three appeals require us to consider the proper *278 application of that holding to three different factual circumstances.

People v Callahan

Defendant was charged with burglary in the third degree and criminal mischief in the second degree arising out of his unlawful entry into a bank through a side window. As a result of a plea bargain, defendant was permitted to plead guilty to attempted third degree burglary, provided that he waived his right to appeal and paid restitution for the damage done to the bank. During the plea colloquy, the court advised defendant that by pleading guilty he was waiving his right to appeal as well as a number of other rights.
After defendant’s guilty plea was accepted, the Probation Department prepared a presentence report which stated that restitution in the amount of $1,564.76 was indicated because the bank had sustained damage to its alarm system, window and vaults in that amount. Based on this report and the fact that the amount that had been discussed at the time of the plea was even higher, the court ruled that the total amount of restitution should be $1,643 ($1,564.76 plus a 5% surcharge).
Following imposition of sentence, defendant took an appeal, arguing that the restitution portion of his sentence was illegal because, in failing to conduct an independent inquiry, the court had improperly delegated its sentencing responsibilities to the Probation Department (see, People v Fuller, 57 NY2d 152, 156-159). Defendant also argued that the court erred in imposing a surcharge without first ascertaining defendant’s ability to pay. The Appellate Division subsequently dismissed the appeal, citing People v Seaberg (supra) as its sole authority.

People v Sutton

On March 18, 1987, defendant was arrested on a number of drug-related charges. He subsequently moved for a dismissal on the ground that his statutory and constitutional rights to a speedy trial had been violated by the People’s delay of some 13 months in responding to his omnibus motion. The court denied the motion and, some 2½ months later, defendant pleaded guilty to second degree criminal sale of a controlled substance in full satisfaction of the indictment. As a condition to their agreement to this plea, the People insisted that defendant waive "any and all rights to appeal.” Defendant acknowledged his awareness of this condition during the plea *279 allocution. He was subsequently sentenced in accordance with the terms of the plea bargain.
Defendant attempted to obtain review of the trial court’s unfavorable speedy trial determination in the Appellate Division, but that court dismissed the appeal on the ground that defendant had waived his appellate rights as part of his plea bargain. The Court rejected defendant’s specific argument that his waiver did not foreclose appellate review of his speedy trial claim. Citing People v Rodriguez (50 NY2d 553, 557), the Court stated its view that even constitutional speedy trial claims are waivable and that a waiver such as defendant’s should be enforced unless "the record on appeal demonstrates that it was made under duress by a defendant whose only alternative was to face a trial whose fundamental fairness was compromised as a result of the delay” (175 AD2d 272, 273, citing People v Blakley, 34 NY2d 311; People v White, 32 NY2d 393).

People v DeSimone

After plea negotiations, it was agreed that defendant, who had been indicted for various drug-related offenses, would be permitted to plead guilty to one count of fifth degree criminal sale of a controlled substance to satisfy all of the charges against him. At the plea proceeding that ensued, the People informed the court that defendant had signed a written waiver of his right to appeal the sentence as a condition of his plea. The court, however, did not mention the written waiver during the plea allocution. At the close of the allocution, defendant entered his guilty plea and the court sentenced him to an indeterminate term of 1⅔ to 5 years’ imprisonment.
Defendant subsequently appealed to the Appellate Division, arguing that his sentence should be reduced in light of the history of the case. He also argued that his written waiver should be disregarded because the trial court had conducted no inquiry to ascertain whether it had been made knowingly and voluntarily. Rejecting this argument, the Appellate Division dismissed the appeal in a one-sentence opinion that relied exclusively on People v Seaberg (supra).
L
In People v Seaberg (supra), we rejected the argument that, as a matter of judicial policy, the appellate courts should decline to recognize bargained-for waivers of the right to *280 appeal. We reviewed the many sound reasons for giving effect to such waivers and noted that, in most instances, they do not implicate "society’s interest in the integrity of criminal process” (74 NY2d, at 9, supra). Accordingly, we held, a defendant may ordinarily waive the right to appeal as part of a sentence or plea bargain, and, in most situations, the appellate courts should honor such waivers.
Our analysis in Seaberg, however, did not exclude the possibility that, in certain specific circumstances, a defendant’s appellate claim could be reviewed despite a bargained-for waiver of the right to appeal. To the contrary, the Seaberg opinion set forth several categories of appellate claims that may not be waived because of a larger societal interest in their correct resolution. These include the constitutionally protected right to a speedy trial (see, People v Blakley, 34 NY2d 311, 314-315, supra), challenges to the legality of court-imposed sentences (see, People v Francabandera, 33 NY2d 429, 434, n 2), and questions as to the defendant’s competency to stand trial (see, People v Armlin, 37 NY2d 167, 172).
Additionally, the Seaberg opinion makes clear that a waiver of the right to appeal will not be enforced unless it was knowingly, intelligently and voluntarily made (74 NY2d, at 11, supra). The determination as to whether a particular waiver satisfies these requirements must be made, in the first instance, by the trial court, which is in the best position to assess all of the relevant factors, including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused (id.; see also, People v Harris, 61 NY2d 9). However, as is true for any other condition attached to a sentence or plea bargain, the appellate courts also have the responsibility to oversee the process and to review the record to ensure that the defendant’s waiver of the right to appeal reflects a knowing and voluntary choice (id.; see also, People v Lopez, 71 NY2d 662). To facilitate appellate review, the Seaberg opinion urges the trial courts to ensure that the terms and conditions of the agreement, as well as the accused’s understanding of those terms and conditions, are made apparent on the face of the record (id.). With these principles in mind, we turn now to the specific problems presented by these three appeals.
II
In People v Callahan, the defendant attempted to avoid *281 the effect of his waiver of the right to appeal by invoking the exception we have recognized for challenges to the legality of the sentence (see, People v Seaberg, supra, at 9, citing People v Francabandera, supra). However, when the label defendant assigned to his appellate claim is disregarded and the actual gist of the claim is examined, it is apparent that his challenge is addressed not to the legality of the sentence on its face, or even to the power of the court to impose the restitution sentence it chose. Rather, defendant’s appellate claim was addressed merely to the adequacy of the procedures the court used to arrive at its sentencing determination, specifically its purported overreliance on the presentencing report’s restitution recommendation and its failure to conduct a special inquiry into defendant’s ability to pay a surcharge (cf., People v Fuller, 57 NY2d 152 [court may consider presentence report prepared by Probation Department, but lacks power to delegate to that Department the authority to fix the amount of restitution]). We have previously held that, except where the very power of the court is implicated, appellate challenges to the procedures utilized in determining and imposing sentence are forfeited if they are not raised in a timely manner before the trial court as required by CPL 470.05 (2) (compare, People v Proctor, 79 NY2d 992; People v Pellegrino, 60 NY2d 636; People v Green, 54 NY2d 878; People v McGowen, 42 NY2d 905, with People v Fuller, supra). A fortiori, such challenges may effectively be waived by a voluntarily and intelligently made agreement entered in connection with a sentence or plea bargain.
IIL
The Appellate Division gave effect to the negotiated waiver of the right to appeal in Sutton, even though the claim the defendant sought to raise on appeal involved his constitutional speedy trial rights. In reaching its conclusion, the Court relied, in part, on People v Rodriguez (50 NY2d 553, 557), in which this Court held that a constitutional speedy trial claim that had been asserted once but not pursued to final disposition in the trial court had been forfeited and therefore could not be considered on appeal. On the basis of Rodriguez and People v White (32 NY2d 393), the Appellate Division inferred that even where the appellate claim concerns the constitutional right to a speedy trial, a bargained-for waiver of the right to appeal should ordinarily be enforced, unless a particularized showing of duress is made.
*282 However, this view misconstrues our case law. In People v Blakley (supra, at 313), a case that was decided after White (supra), this Court went beyond White’s case-specific analysis and held that "the nature of the speedy trial guarantee renders [a waiver of such a claim] inherently coercive in a plea bargaining situation,” so that a plea conditioned on a waiver "must be vacated” regardless of the substantive merits of the claim (emphasis supplied). While the Court did give effect to what it termed a "waiver” of a speedy trial claim in Rodriguez (supra), that holding did not in any way impair the rule it established in Blakley. Rather, Rodriguez stands only for the limited proposition that a defendant who initially interposes a constitutional speedy trial claim but subsequently abandons it before a determination on the claim is made cannot subsequently raise that claim on appeal (see, People v Kinchen, 60 NY2d 772; People v Charleston, 54 NY2d 622, 623; People v De Mauro, 48 NY2d 892, 893).
Contrary to the Appellate Division’s assumption, our continued adherence to Blakley is evident from our discussion of that case in Seaberg, where we stressed that "[s]ociety has a recognized interest in speedy trials because trial delay may result in the loss of evidence or an accused’s inability to respond to criminal charges, thereby compelling innocent persons to plead guilty out of necessity” (74 NY2d, at 9, supra). Because of this societal concern and the implications for the integrity of our criminal justice system, the parties cannot be permitted to foreclose appellate review through the plea bargaining process.
Accordingly, we hold, as we held in Seaberg, that a bargained-for waiver of the right to appeal is ineffective to the extent it impairs the defendant’s ability to obtain appellate review of a constitutional speedy trial claim. Moreover, this rule applies without regard to whether the facts in the particular case suggest duress arising from the circumstances underlying the speedy trial claim itself. In this case, the Appellate Division clearly erred when it declined to entertain defendant Sutton’s constitutional speedy trial claim on the merits because of the absence of a particularized showing of duress. For that reason, the Court’s order should be reversed and the matter remitted so that the Court can consider the merits of defendant’s constitutional speedy trial claim.
IV.
The facts in DeSimone provide an example of the second *283 category of cases in which bargained-for waivers of the right to appeal are deemed ineffective. In contrast to the issues in Callahan and Sutton, the issue in DeSimone is not whether waiver is precluded because of the subject matter of the appeal, but rather whether the waiver itself was shown to have been obtained under constitutionally acceptable circumstances.
In Seaberg (supra, at 11), we made clear that before a waiver of the right to appeal may be enforced, the record must be examined to ensure that the waiver was voluntary, knowing and intelligent. While there is no requirement that the trial court engage in any particular litany in order to satisfy itself that these standards have been met, a knowing and voluntary waiver cannot be inferred from a silent record (see, People v Harris, 61 NY2d 9, 17, supra).
Here, the record simply does not afford a sufficient basis for concluding that defendant’s waiver of his right to appeal was knowing, intelligent or voluntary. There was no record discussion between the court and defendant concerning the waiver. There was not even an attempt by the court to ascertain on the record an acknowledgement from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents. While the court was shown a signed document purporting to embody defendant’s waiver, there is nothing on the record to establish that the court was familiar with the circumstances surrounding the document’s execution. Indeed, the fact that the prosecutor felt compelled to inform the court of the written waiver’s existence suggests that the court had no prior knowledge of the waiver. Accordingly, there is no assurance that the waiver was executed under constitutionally acceptable circumstances, and the Appellate Division erred in holding it enforceable.
V.
Having concluded that the waiver in Callahan was valid and applicable while the waivers in Sutton and DeSimone were not, we turn now to the final problem: the disposition of an appeal that has been taken despite an effective and enforceable waiver. The question arises here because in all three of these cases, the Appellate Division chose to dismiss the appeals on the basis of the appellants’ waivers despite the fact that the appeals were, at least facially, within the court’s *284 subject matter jurisdiction and were neither moot nor procedurally defective (see, CPL 470.60 [1]).
CPL 450.10 (1) authorizes defendants to appeal to the Appellate Division, as a matter of right, from a judgment of conviction. Moreover, as we held in People v Pollenz (67 NY2d 264, 268), the duty of the Appellate Division "to entertain all appeals from final judgments in criminal cases” is of constitutional dimension (see, NY Const, art VI, § 4 [k]). Since these three appeals were all taken from final judgments of conviction, they were clearly within the mandatory subject matter jurisdiction of the Appellate Division and were therefore, without more, appealable to that Court.
It appears from the Appellate Division’s dismissals in these cases, that the Court assumed that the defendants’ waivers had the effect of ousting it from its customary sphere of subject matter jurisdiction (but cfi, Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324; Siegel, NY Prac § 8, at 10 [2d ed] [parties may not confer subject matter jurisdiction by agreement]). However, that assumption is inconsistent with cases preceding Seaberg in which appeals were entertained despite enforceable waivers. In those cases, the appellate courts simply affirmed the judgment rather than dismissing, thereby signalling their view that the parties’ waiver agreements had not altered the court’s subject matter jurisdiction (People v Williams, 43 AD2d 884, affd 36 NY2d 829, cert denied 423 US 873; People v Esajerre, 43 AD2d 541, affd 35 NY2d 463; People v Irizarry, 32 AD2d 967, affd 27 NY2d 856; but see, People v Stephens, 52 NY 306).*
Moreover, a conclusion that agreements to waive the right to appeal operate to deprive the appellate courts of subject matter jurisdiction leads to a logical anomaly in this context. As is apparent from our holdings in these three appeals, an agreement to waive appeal does not foreclose appellate review in all situations. If the agreement to waive were itself sufficient to divest the court of subject matter jurisdiction, the court would then be deprived of the very jurisdictional predicate it needs as a vehicle for reviewing the issues that survive the waiver.
*285 Accordingly, the better view is that a bargained-for waiver of the right to appeal does not affect the appealability of a judgment that is otherwise appealable under CPL 450.10 (1) and does not operate to deprive the appellate court of its jurisdiction of the appeal. Instead, it merely forecloses appellate review of all claims that might be raised on appeal, except, of course, those categories of claims that survive such waivers under our case law. Under this view, the proper disposition in appeals such as Callahan, where there is no claim that the waiver was constitutionally defective and no public policy impediment to enforcing the waiver, is an affirmance predicated on the absence of any reviewable issues that have not been superseded by the waiver. Additionally, in cases where there has been a bargained-for waiver of the right to appeal and the intermediate appellate court determines that the judgment of conviction should be affirmed, it would be helpful if the intermediate appellate court would specify whether its disposition is based on the existence of an enforceable waiver or instead on the merits of the defendant’s appellate claims. Such specificity would facilitate further appellate review and minimize unnecessary remittals.
Accordingly, in each case the order of the Appellate Division should be reversed and the case remitted to that Court for further proceedings consistent with this opinion.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
In each case: Order reversed, etc.

 Although in Seaberg (supra) we affirmed the Appellate Division’s orders dismissing the appeals on grounds of waiver, Seaberg cannot be viewed as settling the question of the proper disposition of this class of appeals, since the question was neither briefed nor considered there (see, People v Ford, 62 NY2d 275, 281, n).