■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURT PERKERT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered October 19, 1990, convicting him of burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the sentencing, the defendant agreed to waive his right to appellate review. The prosecutor specifically noted that the defendant was waiving his right to appellate review of his conviction and his sentence, and the denial of his pretrial applications to dismiss the indictment on the ground that he had been denied his statutory right to a speedy trial (see, CPL 30.30). The People reciprocated by agreeing to not pursue discretionary persistent felony offender status for the defendant. On appeal, the defendant now contends that the court unconscionably coerced the waiver in order to conceal the erroneous denial of his pretrial speedy trial applications. We disagree.

The same attorney who drafted the defendant's second speedy trial motion and who was presumably familiar with the merits of that application, indicated to the court that the defendant understood "clearly" that he was waiving his right to appellate review of his conviction on statutory speedy trial grounds. The court thereafter reviewed the implications of the waiver with the defendant in detail, specifically explaining to him that apart from the waiver, he had the right to appellate review and to challenge on appeal the denial of his speedy trial applications. The defendant, who we note is no stranger to the criminal justice system, indicated that he was cognizant of the nature of the agreement and that he was entering into it voluntarily. Thus, there is no basis in the record to support the defendant's allegation that his waiver was improperly coerced. Accordingly, the judgment of conviction is affirmed (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.