■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MITCHELL, Appellant. [596 NYS2d 740] —Judgment unanimously affirmed. Memorandum: We agree with defendant that his purported waiver of appeal was invalid. An appeal waiver was never mentioned at the plea hearing. Although there is no "particular litany" for an effective appeal waiver, a knowing and voluntary waiver cannot be inferred from a silent record *(People v Callahan,* 80 NY2d 273, 283). Because there was no record discussion between the court and defendant concerning an appeal waiver, the record does not "afford a sufficient basis for concluding that defendant's waiver of his right to appeal was knowing, intelligent or voluntary" *(People v Callahan, supra,* at 283). We have reviewed defendant's argument that his sentence is harsh and excessive and we conclude that the sentencing court did not abuse its discretion by imposing the maximum sentence. (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Robbery, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Doerr and Boomer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN FERGUSON, Appellant. [598 NYS2d 755] —Judgment unanimously affirmed *(see, People v Goforth,* 191 AD2d 968; *People v Saunders,* 190 AD2d 1092). (Appeal from Judgment of Erie County Court, D'Amico, J.—Assault, 1st Degree.) Present— Pine, J. P., Balio, Lawton, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE B. JACKSON, JR., Also Known as SMOOTH, Appellant. [598 NYS2d 755] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Attempted Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ.