■ In the Matter of STEVEN C., JR., an Infant. [602 NYS2d 567] —Order unanimously affirmed without costs. Memorandum: We affirm for reasons stated in the decision at Monroe County Family Court (Sciolino, J.). We add only that, contrary to petitioner's argument, Family Court did not impose a "diligent efforts" requirement on petitioner in this abandonment proceeding brought pursuant to Social Services Law § 384-b (4) (b).

The Law Guardian's contention that respondent father's consent to the adoption of the child is unnecessary is not properly before us because that issue was not advanced before Family Court. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Abandonment.) Present—Callahan, J. P., Green, Pine, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EGIL FINSTAD, Appellant. [602 NYS2d 568] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's application to withdraw his *Alford* plea *(see, North Carolina v Alford,* 400 US 25). The sole basis for withdrawal articulated by defense counsel prior to sentencing was defendant's disapproval of a comment in the presentence investigation report and a remark by the prosecutor that defendant is a "predator of children". That was insufficient to warrant the court's exercise of discretion in defendant's favor.

The record indicates that defendant knowingly, intelligently and voluntarily waived his right to appeal *(see, People v Callahan,* 80 NY2d 273). Thus, we do not reach defendant's contentions that the suppression court erred in refusing to suppress certain physical evidence and that the probation conditions imposed by the sentencing court were unduly harsh. Were we to review the merits, we would nevertheless affirm. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Sexual Abuse, 1st Degree.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.