■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT CABALLERO, Appellant. [605 NYS2d 301] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered December 23, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and sentencing him to a term of 4½ to 13½ years, unanimously affirmed.

The trial court properly determined that the failure of the prosecution to furnish the defense with a list of mug shots resembling defendant was attributable to either loss or destruction. The court considered the degree of prosecutorial fault and resulting prejudice to the defendant, and imposed an appropriate sanction in the form of an adverse inference charge *(People v Banch,* 80 NY2d 610, 616; *People v Morton,* 189 AD2d 488, 492-493).

Defendant failed to raise any challenge to the procedures

utilized in determining and imposing sentence in the trial court and thus his claim is not preserved (CPL 470.05 [2]; *People v Callahan*, 80 NY2d 273, 281 [1992]). If we were to reach defendant's claim, we would find that there is no evidence that the trial court improperly punished defendant for crimes of which he was acquitted. In any event, we find no abuse of discretion in the sentence imposed. Concur—Rosenberger, J. P., Ellerin, Kupferman and Rubin, JJ.