■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY BLASINGAME, Appellant. [612 NYS2d 874] —Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Westchester County (Rosato, J.), imposed December 3, 1992.

Ordered that the sentence is affirmed.

Appellate review of the issue raised by the defendant was effectively waived by him as part of his plea bargain. Accordingly, the sentence is affirmed *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BRYANT, Appellant. [610 NYS2d 826] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered January 17, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions regarding improper bolstering of the victim's identification testimony and alleged charge errors are unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, even if there was error, it was harmless in light of the overwhelming evidence of the defendant's guilt. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.