■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McSHAW, Appellant. [614 NYS2d 244] —Appeal by the defendant from an amended judgment of the County Court, Westchester County (LaCava, J.), rendered June 22, 1993, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal facilitation in the fourth degree.

Ordered that the amended judgment is affirmed.

The court properly adjudicated the defendant to be in violation of probation based upon his admission *(see,* CPL 410.70; *People v Hunter,* 194 AD2d 628).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA MERCER, Appellant. [614 NYS2d 244] —Appeal by the defendant, as limited by her motion, from a sentence of the County Court, Westchester County (Scarpino, J.), imposed June 11, 1992, the sentence being an indeterminate term of 4 to 12 years imprisonment, upon her conviction of attempted murder in the second degree, after a plea of guilty.

Ordered that the sentence is affirmed.

Contrary to the defendant's contention, the record demonstrates that she knowingly, intelligently, and voluntarily waived her right to appeal as part of the plea agreement *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). In any event, having pleaded guilty with the understanding that she could receive a maximum sentence of 4 to 12 years, which was thereafter imposed, the defendant has no basis to now complain that her sentence was excessive *(see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Rosenblatt, Miller, Copertino and Krausman, JJ., concur.