■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JONES, Appellant. [640 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered June 21, 1994, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Appellate review of the issues raised by the defendant was effectively waived by him as part of his plea agreement. Accordingly, the judgment of conviction is affirmed (*see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELKANOH KRAUSZ, Appellant. [640 NYS2d 796] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered June 29, 1995, convicting him of sexual abuse in the first degree and sexual abuse in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that he should be granted a new trial is without merit. Not only was the defendant in possession of the *Rosario* material (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), which he now complains that the prosecutor did not provide him, but the defendant used that material during cross-examination to impeach a witness. In addition, the court did not limit his cross-examination with respect to the *Rosario* material. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.