OPINION OF THE COURT
Richard L. Buchter, J.
*92 The petitioner, in this habeas corpus proceeding, seeks release from custody on the grounds that he has been detained in violation of CPL 180.80. The sole issue presented herein is whether a valid waiver of a defendant’s CPL 180.80 rights is unilaterally revocable by the defendant.
On February 26, 1997 the petitioner was arraigned on a felony complaint charging, the petitioner, inter alia, with the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. At his arraignment the petitioner, represented by counsel, executed a written waiver of his statutory rights under CPL 180.80 (1) and 30.30 — said waiver to be in effect until March 28, 1997. In exchange for waiving these statutory rights, the People agreed to conduct an investigation to accelerate plea negotiations prior to the presentation of the case to the Grand Jury. The case was then adjourned to March 17, 1997.
On March 20, 1997, the petitioner’s current counsel served a letter on the Queens County District Attorney stating, in essence, that he is now substitute counsel for the petitioner and was withdrawing his client’s waiver, effective immediately.
On March 27, 1997, an indictment was voted against the petitioner and on March 28, 1997, notice of voted indictment was filed. It. is the People’s position that the writ must be denied, the petitioner having been indicted within the enforceable waiver period and the People not having consented to the withdrawal of the waiver. The petitioner contends that since the indictment was voted on March 27, 1997, he is entitled to be released, having been detained in excess of 144 hours subsequent to his withdrawal of the waiver, in violation of CPL 180.80. Thus, the resolution of this matter rests upon whether the petitioner’s unilateral withdrawal of the waiver was legally effective.
In the present case, the CPL 180.80 waiver was executed in open court by the petitioner and was for a limited duration of 30 days. There is no allegation that the petitioner’s waiver was unconscionable or not knowingly, voluntarily and intelligently made. (See, People v Calvi, 89 NY2d 868; People v Callahan, 80 NY2d 273; cf., People v DeSimone, 80 NY2d 273.)
The applicable language of CPL 180.80 (1) provides as follows:
"Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, *93 since the time of his arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance unless:
"1. The failure to dispose of the felony complaint or to commence a hearing thereon during such period of confinement was due to the defendant’s request, action or condition, or occurred with his consent; or”.
Thus by its terms, CPL 180.80 creates a waiveable right for a defendant to be released from detention after a prescribed time frame, if neither a court nor a Grand Jury has made a determination that reasonable cause exists to believe that the defendant has committed a felony.
Having waived his CPL 180.80 right, the petitioner now contends he may unilaterally withdraw that waiver.
Initially, the court notes that a waiver of a defendant’s right to be released from custody pursuant to CPL 180.80 is a statutory right, which may be distinguished from the waiver of a constitutional right, such as the privilege against self-incrimination, which the defendant is free to withdraw at any time.
A waiver of CPL 180.80 is instead akin to a waiver of the right to a speedy trial pursuant to CPL 30.30. In People v Selikoff (35 NY2d 227) the Court of Appeals held that such a waiver is valid and binding. The Court further held that as long as there is no constitutional or statutory mandate and no public policy prohibiting it, an accused may waive any right which he enjoys. (Supra, at 238.)
In the case at bar there was a contractual meeting of the minds, which was encompassed in the waiver agreement itself, i.e., a valid agreement reached by mutual consent evidencing an intent to be bound by its terms. The petitioner’s position that he may unilaterally withdraw from this valid contractual waiver after the People have relied upon the waiver, and did not schedule a Grand Jury presentment within the original CPL 180.80 time frame, is unsupported by any authority.
The court finds the original waiver to be a valid and enforceable contract providing for the legal and binding waiver of the *94 defendant’s CPL 180.80 rights for a period of 30 days. The People, therefore, were entitled to rely on the waiver and lawfully did so. Under the principles of both criminal and contract law, it is not subject to unilateral nullification by the defendant.
The petitioner’s application for his release is therefore denied.