■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL T. SHUGHART, Appellant. [668 NYS2d 836] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Along with several codefendants, defendant was charged with participation in two robberies. He pleaded guilty to two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]; § 20.00). County Court imposed concurrent terms of incarceration of 5 to 10 years on each count, the maximum permissible sentence under the plea agreement. Defendant contends that the sentence is unduly harsh and severe. We disagree with the People that defendant is foreclosed from raising this issue by his waiver of the right to appeal. Given the timing and content of the court's colloquy with defendant on his waiver of the right to appeal, the court arguably left open the appealability of the sentence. In any case, the record does not establish that this young defendant knew that he was waiving his right to appeal the length of the sentence, even if the sentence imposed was within the terms of the plea agreement (*see, People v Callahan,* 80 NY2d 273, 280).

Defendant was 17 years old and a junior in high school when he and his friends committed the two robberies in question. His codefendants were older than he and participated in and

pleaded guilty to an additional count stemming from a third robbery in which defendant was not involved. Nonetheless, the court sentenced defendant to the same aggregate sentence on two counts as his codefendants received on three counts. Prior to the commission of the offenses at issue, defendant had no criminal record. Under the circumstances, we exercise our discretion in the interest of justice to reduce the sentence on each count to a term of incarceration of 3½ to 7 years. (Appeal from Judgment of Erie County Court, DiTullio, J.—Robbery, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.