■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HAYNES, Appellant. [726 NYS2d 902] —Judgment unanimously affirmed. Memorandum: The waiver by defendant of his right to appeal encompasses his challenge to the severity of the sentence (*see, People v Hidalgo,* 91 NY2d 733, 737). While the waiver does not encompass his contention that the sentence is illegal (*see, People v Callahan,* 80 NY2d 273, 280), that contention is without merit. The sentence of 2 to 4 years imposed upon the conviction of burglary in the third degree, a class D felony (Penal Law § 140.20), is legal (*see,* Penal Law § 70.06 [3] [d]; [4] [b]). Contrary to the further contention of defendant, County Court properly declined to impose a sentence of parole supervision pursuant to CPL 410.91; as the court properly determined, defendant is not an "eligible defendant" (*see,* CPL 410.91 [2]), nor did the People consent to a sentence of parole supervision (*see,* CPL 410.91 [4]). (Appeal from Judgment of Onondaga County Court, Fahey, J.—Burglary, 3rd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.