we note that, if liability is found, upon the retrial, plaintiff's 'sick pay' may not be deducted from plaintiff's award of damages"; cross motion for reargument denied as moot. Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BENITEZ, Appellant. [751 NYS2d 797] —Motion to disclose eavesdropping warrants and audiotapes denied. Memorandum: The motion for disclosure of the eavesdropping warrants and the audiotapes should be made to the court below. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Scudder, JJ. (Filed Sept. 30, 2002.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE L. COLLINGTON, Appellant. [751 NYS2d 798] —Motion to dismiss appeal denied. Memorandum: The fact that defendant waived his right to appeal as part of a negotiated plea agreement "does not foreclose appellate review in all situations" and is not "sufficient to divest the court of subject matter jurisdiction" (*People v Callahan*, 80 NY2d 273, 284). Present—Pigott, Jr., P.J., Green, Hayes, Hurlbutt and Lawton, JJ. (Filed Sept. 30, 2002.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. SMITH, Appellant. [751 NYS2d 797] —Motion for change of venue denied. Memorandum: We conclude that defendant has not met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Erie County (CPL 230.20 [2]). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate motion may then be made. The relief requested in the motion is premature (*People v Mateo*, 239 AD2d 965; *see also People v DiPiazza*, 24 NY2d 342). Present—Pine, J.P., Hayes, Wisner, Scudder and Lawton, JJ. (Filed Sept. 30, 2002.)

■ In the Matter of GWENDOLYN MARIE HOLINKA, an Attorney, Resignor. [751 NYS2d 797] —Voluntary resignation accepted and name removed from roll of attorneys (*see Matter of Manown*, 240 AD2d 83). Present—Pine, J.P., Hayes, Wisner, Hurlbutt and Scudder, JJ. (Filed Sept. 23, 2002.)

■ In the Matter of D. BRUCE KRATZ, an Attorney, Resignor. [751 NYS2d 796] —Voluntary resignation accepted and name removed from roll of attorneys (*see Matter of Manown*, 240 AD2d 83). Present—Green, J.P., Pine, Hayes, Hurlbutt and Burns, JJ. (Filed Aug. 29, 2002.)

■ In the Matter of ALICE NEFF LUCAN, an Attorney, Resignor. [751 NYS2d 797] —Voluntary resignation accepted and