■ The People of the State of New York, Respondent, v Jerome Brown, Appellant. [798 NYS2d 404]—

Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered November 20, 2003, as amended April 1, 2004, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second felony offender, to a term of six years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

Defendant knowingly and intelligently waived his right to appeal, and this waiver encompassed his excessive sentence claim (*People v Hidalgo*, 91 NY2d 733 [1998]; *People v Seaberg*, 74 NY2d 1, 9-10 [1989]). In any event, were we to find that defendant did not validly waive his right to appeal, we would perceive no basis for reducing the sentence. We also note that there is no merit to the People's assertion that defendant's appeal should be dismissed on the basis of the waiver (*People v Callahan*, 80 NY2d 273, 285 [1992]).

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]) providing for the imposition of a DNA databank fee, that fee should not have been imposed. Since this issue involves the substantive legality of the sentence, it survives defendant's waiver of his right to appeal. Concur—Saxe, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.