█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA LIZZA, Appellant. [846 NYS2d 591]—Appeal by the defendant, as limited by her brief, from an amended sentence of the County Court, Suffolk County (Kahn, J), dated January 16, 2007, revoking a sentence of probation previously imposed by the same court, upon a finding that she violated a condition thereof, upon her admission, and imposing a determinate term of 30 days' imprisonment, upon her previous conviction of endangering the welfare of a child, on the ground that the amended sentence is excessive.

Ordered that the appeal is dismissed as academic.

The defendant has completed the term of imprisonment. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON LORENZANA, Appellant. [846 NYS2d 590]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered June 28, 2006, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court did not fulfill its promise to impose a term of imprisonment no greater than 15 years when it allegedly failed to consider all the facts and circumstances of this case before imposing a term of imprisonment of 15 years. The record, however, demonstrates that the Supreme Court considered all of the relevant facts and circumstances of this case before imposing sentence (*see People v Suitte,* 90 AD2d 80, 83 [1982]; *People v Notey,* 72 AD2d 279, 282 [1980]).

The defendant knowingly, intelligently, and voluntarily waived his right to appeal. Accordingly, the defendant waived appellate review of his claim that the sentence imposed was excessive (*see People v Callahan,* 80 NY2d 273 [1992]; *People v Seaberg,* 74 NY2d 1 [1989]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORRY MARTIN, Appellant. [847 NYS2d 894]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (Doyle, J.), imposed July 20, 2006, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Schmidt, J.P., Ritter, Skelos and Angiolillo, JJ., concur.