Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Hollie, J.), imposed May 18, 2010, on the ground that the sentence is excessive.
Ordered that the sentence is affirmed.
“[B]efore a waiver of the right to appeal may be enforced, the record must be examined to ensure that the waiver was voluntary, knowing and intelligent” (People v Callahan, 80 NY2d 273, 283 [1992]; see People v Ramos, 7 NY3d 737 [2006]). The defendant voluntarily, knowingly, and intelligently waived his right to appeal. The record reflects that the Supreme Court confirmed that the defendant discussed the written waiver with his counsel, that he was aware of its contents before he signed it, and that he orally acknowledged to the court that he understood the written waiver (see People v Callahan, 80 NY2d 273, 283 [1992]; People v McCray, 103 AD3d 666 [2013]).
Furthermore, there is no ambiguity on the record to suggest that the waiver was ineffective. Therefore, because the defendant’s valid waiver of his right to appeal encompasses the waiver of the right to invoke the Appellate Division’s interest of justice jurisdiction to modify sentences, review of the defendant’s contention that the sentence imposed was excessive is precluded (see People v Lopez, 6 NY3d 248, 255 [2006]). Eng, P.J., Skelos, Roman, Cohen and Hinds-Radix, JJ., concur.