■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN P. BERKLEY, Appellant. [971 NYS2d 703]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Weber, J.), imposed May 24, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of the right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Roman and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH BOAKYE, Appellant. [971 NYS2d 474]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (DiMango, J.), imposed March 20, 2012, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v DeSimone*, 80 NY2d 273, 283 [1992]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Angiolillo, Balkin and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SINCERE CHAPPELLE, Appellant. [971 NYS2d 470]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Buchter, J.), imposed March 3, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Contrary to the People's contention, the record does not support the conclusion that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]), and, thus, review of his excessive sentence claim is not precluded. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Dickerson, Lott and Miller, JJ., concur.