# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**99**

**KA 11-01945**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRENT NELSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered September 20, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree and grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20) and grand larceny in the fourth degree (§ 155.30 [5]). Contrary to defendant's contention, we conclude that the incarceration component of the sentence is not unduly harsh or severe. Although defendant's contention with respect to the restitution component of the sentence is not properly before us (*see People v Lawson* [appeal No. 7], ___ AD3d ___, ___ [Jan. 2, 2015]; *see generally People v Callahan*, 80 NY2d 273, 281), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Upon that review, we agree with defendant that "the record 'does not contain sufficient evidence to establish the amount [of restitution to be imposed]' " (*Lawson*, ___ AD3d at ___). We thus conclude that County Court " 'erred in determining the amount of restitution without holding a hearing' " (*id.*). We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to County Court for a hearing to determine the amount of restitution to be paid by defendant.

Entered: February 13, 2015                          Frances E. Cafarell
                                                    Clerk of the Court