■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHYTIQUE KELLY, Appellant. [16 NYS3d 749]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Buchter J.), imposed July 23, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Brown*, 122 AD3d 133 [2014]; *cf. People v Sanders*, 25 NY3d 337 [2015]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Leventhal, Hinds-Radix and LaSalle, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH LITTLE, Appellant. [16 NYS3d 749]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (D'Emic, J.), imposed September 12, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Lopez*, 6 NY3d 248, 257 [2006]; *People v DeSimone*, 80 NY2d 273, 283 [1992]; *People v Brown*, 122 AD3d 133, 145 [2014]; *cf. People v Sanders*, 25 NY3d 337 [2015]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Rivera, Hall, Austin and Cohen, JJ., concur.