People v Diasia F. (2018 NY Slip Op 05938)





People v Diasia F.


2018 NY Slip Op 05938


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-13196 
2017-03336

[*1]The People of the State of New York, respondent,
v
Diasia F. (Anonymous), appellant. (Ind. Nos. 33/16, 35/16)


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by her motion, from two sentences of the Supreme Court, Queens County (Joseph A. Zayas, J.), both imposed November 7, 2016, upon her pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
The defendant pleaded guilty to robbery in the first degree under one indictment and to robbery in the second degree under a separate indictment. She was adjudicated a youthful offender and sentenced to indeterminate terms of imprisonment of 1 to 3 years on each count, to run concurrently. On appeal, the defendant contends that her sentences were excessive. The People argue that the defendant's contention is precluded by the defendant's waiver of her right to appeal.
"A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Maracle, 19 NY3d 925, 926; People v Bradshaw, 18 NY3d 257, 264). Here, the defendant's waiver of her right to appeal was invalid and, therefore, does not preclude appellate review of her excessive sentence claim (see People v Bradshaw, 18 NY3d at 265; People v Paz, 126 AD3d 1011; People v Zaruma, 120 AD3d 1273; People v Pallateri, 120 AD3d 514). During the plea proceeding, the Supreme Court stated that the defendant was waiving her right to appeal anything related to the "gun" case when neither of the defendant's crimes involved the use of a gun. Further, although the record on appeal reflects that the defendant executed written appeal waiver forms, the transcript of the plea proceeding shows that the court did not ascertain on the record whether the defendant had actually read the waivers (see People v DeSimone, 80 NY2d 273, 283). Further, in light of the defendant's young age, the fact that this was her first encounter with the criminal justice system, and her mental health diagnoses, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive her right to appeal (see People v Seaberg, 74 NY2d 1, 11).
Nevertheless, the sentences imposed were not excessive (see People v Suitte, 90 [*2]AD3d 80).
SCHEINKMAN, P.J., AUSTIN, MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court