People v Fernandez (2018 NY Slip Op 08952)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Fernandez

2018 NY Slip Op 08952

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-00763
(Ind. No. 789/16)

[*1]The People of the State of New York, respondent,
vMauricio Fernandez, appellant.

Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel; Deanna Russo on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Suzanne J. Melendez, J.), imposed June 3, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's colloquy conflated the right to appeal with the rights that are automatically forfeited on a plea of guilty (see People v Johnson, 165 AD3d 702; People v Glover, 164 AD3d 1259; People v Cardiello, 164 AD3d 1254; see generally People v Bradshaw, 18 NY3d 257, 264). Further, although the defendant executed a written appeal waiver form, the court did not ascertain on the record whether the defendant had signed or read the waiver, or discussed it with defense counsel (see People v Callahan, 80 NY2d 273, 283; People v Cardiello, 164 AD3d 1254; People v Brown, 122 AD3d 133, 145). Thus, the waiver does not preclude review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., SGROI, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court