People v Mendoza (2019 NY Slip Op 00904)





People v Mendoza


2019 NY Slip Op 00904


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-05483
 (Ind. No. 2298/16)

[*1]The People of the State of New York, respondent,
v
Victor Mendoza, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Blira-Koessler of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Joseph A. Zayas, J.), imposed April 20, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant pleaded guilty to manslaughter in the first degree. On appeal, the defendant contends that his sentence was excessive. The People argue that the defendant's contention is precluded by the defendant's waiver of his right to appeal.
"A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256). Here, the defendant's waiver of his right to appeal was invalid and, therefore, does not preclude appellate review of his excessive sentence claim (see People v Bradshaw, 18 NY3d 257, 265; People v Diasia F., 164 AD3d 913, 914; People v Paz, 126 AD3d 1011; People v Zaruma, 120 AD3d 1273). The record on appeal reflects that the defendant executed a written appeal waiver form prior to the Supreme Court explaining the meaning of the right to appeal and the implication of waiving that right. However, the court did not ascertain on the record whether the defendant had actually read the waiver or understood its meaning (see People v DeSimone, 80 NY2d 273, 283; People v Diasia F., 164 AD3d at 914). Furthermore, in light of the defendant's young age and his minimal prior contact with the criminal justice system, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Seaberg, 74 NY2d 1, 11).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., AUSTIN, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court