The People of the State of New York, Respondent,
against
Juan Hernandez, Appellant. 




Appellate Advocates (Samuel Barr of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), imposed July 21, 2017, upon his conviction of aggravated unlicensed operation of a motor vehicle in the third degree, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511[1][a]), and executed a written appeal waiver. The Criminal Court then proceeded to explain to defendant, in meticulous detail, the nature of his right to appeal, the consequences of waiving that right, and that, while a defendant ordinarily retains the right to appeal even after a guilty plea, defendant was being asked to relinquish that right as a condition of his plea (see People v Lopez, 6 NY3d 248 [2006]; People v Moncrieft, 168 AD3d 982, 983-984 [2019]). During its comprehensive colloquy with defendant, the court made it clear that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Bradshaw, 18 NY3d 257 [2011]), and advised defendant that the waiver was intended to be a condition of the plea agreement (see People v Seaberg, 74 NY2d 1 [1989]). Defendant affirmatively assured the court that he understood these terms, that he had [*2]conferred with his attorney about waiving his right to appeal, that he wished to waive that right, and that his decision to do so was made freely and voluntarily as a condition of his negotiated plea and sentence (cf. People v Brown, 122 AD3d 133 [2014]). Taking into consideration all of the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement, and the reasonableness of the bargain (see People v Sanders, 25 NY3d 337 [2015]; People v Callahan, 80 NY2d 273 [1992]), contrary to defendant's contention, we find that the record amply demonstrates that defendant fully and unequivocally appreciated the consequences of the appeal waiver and that, as a result, he knowingly, voluntarily and intelligently waived his right to appeal (see Sanders, 25 NY3d 337; People v Lopez, 6 NY3d 248; People v Batista, 167 AD3d 69 [2018]). 
For defendant to now claim that his waiver was less than knowing and voluntary is not only completely belied by the record, but patently disingenuous. Asserting a claim, such as this, that borders on being frivolous is burdensome on the judicial process and an inordinate waste of time which needlessly detracts our attention from other potentially meritorious appeals. In light of our determination that defendant's waiver of his right to appeal was valid, we decline to review defendant's contention that his bargained-for sentence of a $300 fine with a 30-day jail alternative is excessive.
Accordingly, the sentence is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019