People v Price (2020 NY Slip Op 02810)





People v Price


2020 NY Slip Op 02810


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-08469
 (Ind. No. 2696/18)

[*1]The People of the State of New York, respondent,
v
George Price, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin P. Murphy, J.), imposed May 29, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Brown, 122 AD3d 133, 145-146). The Supreme Court's brief colloquy did not fully explain to the defendant "the nature of the right to appeal or the consequences of waiving that right" (People v Moncrief, 168 AD3d 982, 984, citing People v Brown, 122 AD3d at 144). Although the record on appeal reflects that the defendant executed a written appeal waiver form, there was no further discussion of the written waiver on the record (see People v Brown, 122 AD3d at 145; People v Callahan, 80 NY2d 273, 283). The court did not engage in a comprehensive colloquy with the defendant since it "did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents" (People v Brown, 122 AD3d at 145). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court