People v Archibald (2024 NY Slip Op 01680)

People v Archibald

2024 NY Slip Op 01680

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, O'Neill Levy, JJ. 

Ind. No. 71701/22 Appeal No. 1919 Case No. 2022-05673 

[*1]The People of the State of New York, Respondent,
v
Bennett Archibald, Also Known as Bennett Archinald, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J.), rendered December 8, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of three years, unanimously affirmed.
Defendant's purported waiver of his right to appeal was invalid. There was no discussion on the record about the rights defendant was forfeiting, or any acknowledgement from defendant that he had signed the written waiver or that he was aware of its contents (see People v Callahan, 80 NY2d 273, 283 [1992]). Additionally, the court did not apprise defendant that the right to appeal was separate and distinct from the trial rights that were being forfeited by defendant's guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]).
Defendant's Second Amendment challenge to New York's prohibition against firearm possession by convicted felons (Penal Law § 400.00[1][c]) is moot, because defendant was convicted of possessing a large capacity ammunition feeding device, which is prohibited regardless of whether a person is licensed to carry a firearm (see People v Ruiz, 146 AD3d 417 [1st Dept 2017], lv denied 28 NY3d 1188 [2017]).
Defendant did not preserve his Second Amendment challenge to New York's ban on large capacity ammunition feeding devices (Penal Law § 265.02[8]) (see People v Cabrera, — NY3d —, —, 2023 NY Slip Op 05968, *2-7 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that on the present record, defendant has standing to raise his challenge because large capacity ammunition feeding devices are subject to a complete ban, rather than a licensing scheme (People v Drake, — AD3d —, 2024 NY Slip Op 01522 [1st Dept 2024]). Nevertheless, as an alternative holding, we find that defendant has not established that the ban is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Drake, 2024 NY Slip Op 01522; People v Guity, 223 AD3d 598, 599 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024