■ In the Matter of LEROY EDWARDS, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), entered October 4, 1991, which dismissed the within petition brought pursuant to CPLR article 78 to annul respondents' determination denying petitioner certain service credit in respondents' retirement system, on the grounds that the proceeding was time-barred, unanimously affirmed, without costs.

On August 3, 1990, the New York City Employees' Retirement System (NYCERS) Board determined that petitioner's request for service credit was without legal basis. That determination was final and binding upon petitioner and commenced the running of the four month period of limitations (see, Matter of Edmead v McGuire, 67 NY2d 714). While petitioner continued corresponding with various agencies and individuals after he received the August 3, 1990 determination of the NYCERS Board, that did not extend or toll his time to initiate an article 78 proceeding (see, Matter of Cauldwest Realty Corp. v City of New York, 160 AD2d 489; Matter of Lubin v Board of Educ., 60 NY2d 974). Since he failed to commence the article 78 proceeding within four months after being notified of the August 3, 1990 determination, which was "final and binding" upon him, the proceeding was properly dismissed (CPLR 217). Concur—Milonas, J. P., Ross, Asch and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO LOPEZ, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 27, 1989, convicting defendant, upon his plea of guilty of criminal sale of a controlled substance in the second degree, and sentencing him to a term of 6 years to life, unanimously affirmed.

Without background facts that might have been developed had defendant made a motion pursuant to CPL 440.10, we cannot conclude upon the present state of the record that defendant's counsel was ineffective (People v Love, 57 NY2d 998, 1000). There is no merit to defendant's contention that the court did not have a current presentence report at the time the sentence was actually imposed. Nor is the sentence excessive. Having received the benefit of his bargain, defendant should be bound by its terms (People v Capasso, 171 AD2d 448). Concur—Milonas, J. P., Ross, Asch and Rubin, JJ.