■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CALVI, Appellant. [638 NYS2d 736] —Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered February 9, 1995, convicting him of bribe receiving in the second degree, bribe receiving in the third degree (four counts), criminal possession of a forged instrument in the second degree (five counts), grand larceny in the third degree, and receiving unlawful gratuities, after a nonjury trial, sentencing him to concurrent indeterminate terms of $2^1/_3$ to 7 years imprisonment for bribe receiving in the third degree (four counts), criminal possession of a forged instrument in the second degree (five counts), and grand larceny in the third degree, and 3 to 9 years imprisonment for bribe receiving in the second degree, and a determinate term of one year imprisonment for receiving unlawful gratuities, and directing that restitution be made to various entities, including a direction to make restitution to the City of Yonkers in the amount of $102,000, representing the salary paid to the defendant from September 12, 1990, through January 1, 1992.

Ordered that the judgment is modified, on the law, by vacat-

ing the provision thereof directing the defendant to make restitution to the City of Yonkers in the amount of $102,000, representing the salary paid to him from September 12, 1990, through January 1, 1992; as so modified, the judgment is affirmed.

The defendant is a former Commissioner of Planning and Development for the City of Yonkers. After he was convicted of charges arising from, among other things, his acceptance of bribes in connection with the awarding of municipal contracts, he entered into a cooperation agreement with the New York State Organized Crime Task Force. The record supports the conclusion that the defendant voluntarily, knowingly, and intelligently waived his right to appeal as part of that cooperation agreement, which he negotiated after his conviction *(see, People v Avery,* 85 NY2d 503; *People v Seaberg,* 74 NY2d 1).

Nonetheless, the defendant's waiver of his right to appeal does not preclude him from challenging the legality of the sentence imposed *(see, People v Allen,* 86 NY2d 599; *People v Callahan,* 80 NY2d 273, 280). The court properly ordered the defendant to make restitution to the contractor from whom he misappropriated a $3,500 check for services performed and also make restitution to the City of Yonkers for the amounts of the kickbacks he took from contractors and the amounts of the unnecessary contracts awarded by him. The record supports the court's determination of the "amount of the fruits of the offense and the actual out-of-pocket loss * * * caused by the offense" (Penal Law § 60.27 [2]). However, under the circumstances, the portion of the court's restitution order requiring the defendant to return the entire salary paid to him by his employer, the City of Yonkers, during his tenure as acting Commissioner and then Commissioner of Planning and Development, must be set aside as it is not authorized by the statute *(see, People v Lopez,* 162 AD2d 621). O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.