OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified and the case remitted to the Appellate Division for further proceedings in accordance with this memorandum and, as so modified, affirmed.
 

 Defendant was convicted, following a nonjury trial, of multiple counts of bribe receiving, criminal possession of a forged instrument, grand larceny and receiving unlawful gratuities in connection with a municipal corruption scandal, investigation and series of prosecutions in Yonkers, New York. At a presentencing hearing, the Trial Judge, on the record, urged the defendant to cooperate with the New York State Organized Crime Task Force. Defendant began to do so in accordance with a written and signed cooperation agreement, entered into in the presence of and with the advice of his lawyers. Defendant agreed to testify against other targets in exchange for prosecutors bringing his cooperation to the attention of the trial court.
 

 The agreement also contained a provision — the sole reviewable issue on this appeal — by which defendant purported to waive the right to appeal his conviction. No mention of the cooperation agreement or the waiver provision was made at the sentencing hearing, nor does it appear that it was judicially reviewed at all as part of the record. At that time, however, the prosecution did describe defendant’s cooperation as "helpful, but not substantial.” Though consecutive sentences were authorized, the trial court ultimately sentenced defendant to indeterminate terms of imprisonment, concurrent to Federal sentences. Defendant appealed to the Appellate Division. That Court modified defendant’s sentence, but otherwise enforced the waiver of the right to appeal. A Judge of this Court granted leave to appeal, and we now modify by remitting for a determination of the validity of defendant’s waiver.
 

 
 *871
 
 This Court has approved the effectiveness of waivers of the right to appeal, so long as they are voluntary, knowing and intelligent, and "[t]he trial court determines that [the waiver] meets those requirements”
 
 (People v Seaberg,
 
 74 NY2d 1, 11). In this casé, however, because the waiver was never explicitly reviewed or considered by the trial court, so far as the record discloses, the appellate court did not have "a sufficient basis for concluding that defendant’s waiver of his right to appeal was knowing, intelligent or voluntary”
 
 (People v Callahan,
 
 80 NY2d 273, 283;
 
 see, People v Harris,
 
 61 NY2d 9, 17).
 

 In accepting a defendant’s waiver of the right to appeal, the trial court must at least satisfy itself on the record that the waiver complies with the procedural and integrity-of-process safeguards expressed in our precedents. "While there is no requirement that the trial court engage in any particular litany” (
 
 People v Callahan, supra,
 
 80 NY2d, at 283), some judicial examination of the waiver itself with a manifestation expressed on the record, as may be appropriate, is necessary to show satisfaction of our protocols
 
 (compare, People v Holman,
 
 89 NY2d 876 [decided today]). To be sure, trial courts retain some discretion in satisfying the record requirements to protect confidential data that may be claimed to be part of cooperation agreements in organized crime prosecutions and other such circumstances. Something, however, must be placed on the record, and nothing was done here, including no manifest review of the waiver itself "in the first instance, by the trial court,” as we have prescribed
 
 (People v Callahan,
 
 80 NY2d 273, 280,
 
 supra).
 
 Thus, the Appellate Division should not have given automatic effect to the waiver in this record state.
 

 We are constrained to remit this case to the Appellate Division with directions to remand to County Court to fulfill its responsibility in this regard. If County Court concludes the waiver does not satisfy the prescribed standards, then an appeal on the merits to the Appellate Division should proceed. If, on the other hand, the court concludes that the waiver is voluntary, knowing and intelligent, then the judgment of conviction should be amended to reflect that result.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order modified, etc.