◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CALVI, Appellant. [664 NYS2d 313] —Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered February 9, 1995, convicting him of bribe receiving in the second degree, bribe receiving in the third degree (four counts), criminal possession of a forged instrument in the second degree (five counts), grand larceny in the third degree, and receiving unlawful gratuities, after a nonjury trial, and imposing sentence. By decision and order dat~d February 26, 1996, this Court found, *inter alia*, that the defendant had voluntarily, knowingly, and intelligently waived his right to appeal as part of a cooperation agreement negotiated after his conviction and affirmed the judgment (*see, People v Calvi*, 224 AD2d 705). By order dated December 18, 1996, the Court of Appeals reversed and remitted the matter to this Court for further proceedings on the issue of whether the defendant's waiver was voluntary, knowing, and intelligent (*People v Calvi*, 89 NY2d 868). By decision and order dated February 10, 1997, this Court remitted the matter to the

County Court, Westchester County, to hear and report on the issue of whether the defendant's waiver was voluntarily, knowingly, and intelligently made (*see, People v Calvi*, 236 AD2d 481). The County Court, Westchester County, has filed its report.

Ordered that the judgment is affirmed.

The defendant, a former Commissioner of Planning and Development for the City of Yonkers, after being convicted of charges arising from, *inter alia*, his acceptance of bribes in connection with the awarding of municipal contracts, entered into a cooperation agreement with the New York State Organized Crime Task Force. The agreement contained a provision wherein the defendant agreed to waive his right to appeal from the judgment of conviction.

"To be enforceable, a waiver must be knowing, voluntary and intelligent" (*People v Holman*, 89 NY2d 876, 878). When accepting a waiver, a trial court must consider the reasonableness of the bargain, its appropriateness under the circumstances, and the effect on the integrity of the judicial process (*see, People v Seaberg*, 74 NY2d 1, 11).

The defendant's contention that he felt he was coerced into entering into the cooperation agreement because he had no choice does not make the waiver of his right to appeal involuntary. Such "situational coercion" does not make the agreement unenforceable where, as here, the record reflects that the agreement was voluntarily entered into with full comprehension on the part of the defendant, who has reaped the benefit of the bargain (*see, People v Seaberg, supra*, 74 NY2d, at 8, *affg* 139 AD2d 53, 58; *People v Williams*, 36 NY2d 829, 830, *cert denied* 423 US 873).

Here, the defendant chose to cooperate, thereby admitting his guilt and waiving his right to appeal, rather than risk being incarcerated for several years in a State penitentiary. In view of the defendant's cooperation, the trial court agreed that the defendant's sentence would run concurrently to a sentence he was then serving in a Federal penitentiary on an unrelated Federal conviction. Accordingly, the waiver was a reasonable and appropriate concession under the circumstances (*see, People v Holman, supra*, 89 NY2d, at 878; *People v Seaberg, supra*, 74 NY2d, at 11).

The defendant's remaining contentions are either without merit or not properly before this Court on remittitur. O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.