■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CIATTO, Appellant. [737 NYS2d 104] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered February 26, 1998, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence, and (2) a resentence of the same court, imposed October 31, 2000.

Ordered that the judgment and the resentence are affirmed.

When, as in this case, we are confronted with a defendant's waiver of the right to appeal, we must ascertain, if the record suffices, whether the waiver was made knowingly, voluntarily, and intelligently. This determination will turn on the varying facts and circumstances of each case and the degree to which the trial judge has satisfied himself or herself that the waiver satisfies these safeguards. The facts and circumstances may include the plea agreement and the age, experience, and background of the defendant (*see, People v Seaberg,* 74 NY2d 1, 11). There is no required litany for the trial judge in making a record, but "prudence suggests that the terms and conditions of the agreement * * * be placed upon the record to facilitate appellate review" (*People v Seaberg, supra,* at 11; *see, People v Calvi,* 89 NY2d 868, 871; *People v Callahan,* 80 NY2d 273, 283). The facts and circumstances of one case, including the extent of the record made by the trial judge, will not necessarily validate the waiver in the case of another defendant under different circumstances and with a colloquy of other proportions.

With these principles in view, we find that the record in the case at hand supports the conclusion that the defendant's waiver of his right to appeal was made knowingly, voluntarily, and intelligently. The record before the Supreme Court established that the defendant was a 39-year-old recidivist who qualified for persistent felony offender treatment. He appeared for trial with an application to relieve his counsel, and he was prepared to represent himself at trial. The Assistant District Attorney offered the lowest sentence legally available to the defendant of 10 years to life for a plea to the top count of robbery in the first degree in satisfaction of all four counts in the indictment. The maximum sentence the defendant faced was 25 years to life imprisonment. The defendant agreed to plead guilty. During the plea colloquy, the Supreme Court

engaged in a thorough discussion of the defendant's voluntary and knowing plea, even eliciting the candid reason the defendant had for pleading guilty: "because I am scared to getting [*sic*] 25 to life because I am guilty."

After lengthy discussions and the plea allocution, the Assistant District Attorney handed over a waiver of the defendant's right to appeal for him to execute. It was at this juncture that the former defense counsel expressed some confusion over whether the defendant was pleading to the entire indictment, for, if he were, he could avoid executing the waiver of appeal rights (*see*, CPL 220.10 [2]). The Supreme Court suggested that it was common to have a waiver of the right to appeal, and after reviewing the indictment and consulting with the defendant, the former defense counsel said it was appropriate for the defendant to sign the waiver. The Supreme Court revisited the waiver after making a few more statements: "your client can read it as well and sign the waiver anyway, you do sign the waiver of right to appeal?" The defendant answered "Yes, sir." The Supreme Court: "And I will affix my signature to it."

The defendant, who was articulate and well comported, signed a waiver reciting that he waives his rights to appeal "voluntarily and knowingly after being fully apprised of [his] appellate rights by the Court and [his] attorney, Mr. Martin Chandler" with whom he had a full opportunity to discuss and pose questions concerning the waiver. The waiver recites that he waives all rights to appeal including "pre-trial motions, hearings, plea negotiations, plea, trial, any ct. dec. [*sic*] 4th, 5th, 6th Amd. [*sic*], sentence."

At the time of original sentencing, the defendant submitted motions to withdraw his plea and to relieve his newly assigned counsel. During extensive proceedings, the Supreme Court had occasion to comment on the effect that the waiver would have on the defendant's right to appeal the denial of his application to withdraw his plea. While the defendant participated extensively in arguing his motions, he raised no objection to the Supreme Court's recitation concerning the waiver nor expressed any disagreement concerning its existence or impact.

These facts, circumstances, and colloquy on the record support the enforcement of the defendant's waiver of the right to appeal as knowing, voluntary, and intelligent. The allocution of the defendant, although brief, was no scantier than the allocution in *People v Torres* (236 AD2d 642), where we upheld the defendant's waiver based upon the "terse" colloquy appearing on that record. In contrast, the trial judge in *People v Calvi* (89 NY2d 868, *supra*) was not even aware that the defendant

had signed a waiver (*see,* record on appeal A 504-505 in *People v Calvi,* 244 AD2d 349). Thus, there was no mention of the waiver of the right to appeal on the record in the *Calvi* case.

While we uphold the defendant's waiver, we note that the Court of Appeals has repeatedly reminded trial judges to satisfy themselves on the record that the waiver complies with all requirements to be effective under the precedents (*see, People v Calvi, supra,* at 871; *People v Callahan, supra,* at 283; *People v Seaberg, supra,* at 11). We take this occasion to underscore this reminder.

In view of the defendant's valid waiver, we do not reach his claim of error in the Supreme Court's denial of his motion to suppress identification testimony.

Finally, the defendant's arguments in support of his motion to withdraw his plea are without merit. Ritter, Acting P.J., S. Miller, Luciano and Crane, JJ., concur.