■ Mary Ules et al., Appellants, v City of Utica, Respondent. [757 NYS2d 421] —Appeal from an order of Supreme Court, Oneida County (Grow, J.), entered August 5, 2002, which granted defendant's motion to dismiss the action as untimely commenced.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs originally commenced this action against multiple defendants, but by their amended complaint now seek damages from only the City of Utica (City). Plaintiffs allege that the City failed to make and retain certain records of complaints and investigations concerning alleged building code violations at an apartment complex in which plaintiffs formerly resided, and that the City later failed to turn over such records pursuant to plaintiffs' requests under the Freedom of Information Law ([FOIL] Public Officers Law art 6). A FOIL request was first made by plaintiffs in March-April 2000 and almost immediately denied by City officials based on their certification that such records did not exist. Plaintiffs reiterated their FOIL requests in July and in September 2000, with the same result.

Although Supreme Court erred in deeming this action a CPLR article 78 proceeding governed by the four-month statute of limitations (*see* CPLR 217 [1]), the court nevertheless properly dismissed the action as untimely commenced. Plaintiffs' action is a plenary one seeking damages for the City's alleged denial of plaintiffs' civil rights or for some other unspecified tortious conduct or "wrongful act" by the City (General Municipal Law § 50-i [1]). The action is therefore governed by section 50-i (1) (*see generally Ruggiero v Phillips,* 292 AD2d 41,

43-44 [2002]; *Princess Video v City of New York,* 277 AD2d 300, 301 [2000], *lv denied* 96 NY2d 705 [2001]; *Johnson v Marianetti,* 202 AD2d 970, 970-971 [1994]), which requires in relevant part that the action "be commenced within one year and ninety days after the happening of the event upon which the claim is based" (§ 50-i [1] [c]). Here, the claim accrued in March-April 2000, when plaintiffs' first FOIL request was denied, and the action was not commenced until plaintiffs filed the summons with notice on October 4, 2001 (*see* CPLR 304), more than one year and 90 days later. The fact that plaintiffs subsequently made additional FOIL requests for the same information "is of no significance [to the accrual of the claim] (*see, Matter of Edwards v New York City Employees' Retirement Sys.,* 190 AD2d 545 [1993])" (*Washington v Alissa Kampner Rudin Victims Servs.,* 256 AD2d 178, 179 [1998], *appeal dismissed* 93 NY2d 867 [1999]). Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.