■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELIC BURNEY, Appellant. [763 NYS2d 552] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered December 16, 1999, convicting defendant, upon her plea of guilty, of manslaughter in the first degree, and sentencing her to a term of 12½ to 25 years, unanimously affirmed.

Since defendant did not move to withdraw her plea or vacate the judgment of conviction, she has not preserved her challenge to the sufficiency of the plea allocution, and this case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662 [1988]). Were we to review this claim, we would reject it because every element of the crime, including intent, may be readily inferred from defendant's factual allocution (*see People v McGowen*, 42 NY2d 905 [1977]). Furthermore, as defendant pleaded guilty to a lesser crime than the one charged in the indictment, no factual basis for the plea was necessary (*People v Moore*, 71 NY2d 1002, 1006 [1988]; *People v Clairborne*, 29 NY2d 950, 951 [1972]). We also note that there is no evidence that defendant was mentally incompetent to plead guilty.

Defendant also made a valid waiver of her right to appeal the denial of her suppression motion. A court need not engage in "any particular litany" in order to find such a waiver (*People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Moissett*, 76 NY2d 909, 910-911 [1990]). Defendant here was offered two possible pleas: a manslaughter plea requiring waiver of her right to appeal the suppression ruling, or a murder plea preserving her right to appeal. Defendant discussed these offers with counsel, took several days to consider them and chose the manslaughter plea. Her counsel informed the court of her decision, expressly articulating the waiver of her right to appeal the suppression issue. In defendant's ensuing plea allocution, she made it clear that she had heard, understood and authorized the statements her attorney had just made. Thus, the record, viewed as a whole, establishes that defendant waived her right to appeal from the denial of her suppression motion (*see People*

*v Moissett,* 76 NY2d 909 [1990], *supra).* Accordingly, defendant's challenge to the suppression ruling is foreclosed. Concur—Buckley, P.J., Nardelli, Sullivan and Rosenberger, JJ.