■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [786 NYS2d 134]—

Appeal from judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Brenda Soloff, J., at plea and sentence), rendered January 3, 2002, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of seven years to life, and appeal from judgment, same court (Laura Visitacion-Lewis, J., at plea; Brenda Soloff, J., at sentence), rendered Janu-

ary 3, 2002, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a concurrent term of 6 to 18 years, held in abeyance, and the People are directed to file a supplemental brief addressing defendant's substantive claims.

Contrary to the People's claim, the record does not provide a sufficient basis for a conclusion that defendant's waiver of his right to appeal was knowing, intelligent or voluntary (*see People v Calvi,* 89 NY2d 868, 871 [1996]). While defendant acknowledged and executed before the court a cooperation agreement containing a waiver of appeal, there was no mention of the waiver on the record. Thus, the court did not make a determination, "apparent on the face of the record," that defendant understood the terms of the waiver (*see People v Callahan,* 80 NY2d 273, 280 [1992]).

Defendant raises three substantive issues, which were not addressed by the People. A review of the record shows that the arguments are nonfrivolous. Accordingly, the People are directed to submit a supplemental brief responding to defendant's substantive claims (*see* 22 NYCRR 600.16 [b]). Concur—Mazzarelli, J.P., Williams, Friedman, Gonzalez and Catterson, JJ.