■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v McKINLEY WILLIAMS, Appellant. [874 NYS2d 63]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered September 25, 2007, convicting defendant, upon his plea of guilty, of two counts of criminal possession of a weapon in the third degree, and sentencing him to a term of five years' probation, unanimously affirmed.

Following the denial of a suppression hearing, defendant agreed to plead guilty as indicated, in full satisfaction of the indictment. During the plea proceeding in August 2007, defendant acknowledged the various trial rights that he was waiving, and that he was doing so after consulting with his attorney. He then admitted to possessing two weapons in the Bronx on May 2, 2006. The following colloquy ensued:

"THE COURT: The other thing I want to tell you is if you had gone to trial, even if you had a hearing in this matter, you would have had a right to an appeal. By taking this plea it's final, there's no appeal from this; understand?

"DEFENDANT: Yes, sir.

"THE COURT: This is something you want to do freely?

"DEFENDANT: Yes, sir.

"THE COURT: And in open court and you're saying to me Judge, this is it; is that right?

"DEFENDANT: Yes, sir."

Defendant argues now that the purported waiver of his right to appeal was invalid and does not preclude review of the court's suppression decision, inasmuch as the court conflated the right to appeal with those rights automatically forfeited by pleading guilty. Defendant is correct. Although our independent review establishes that the search warrant was supported by probable cause, we write simply to focus attention on the recurrent fusing, during allocution, of the defendant's right to appeal (in this case, his right to appeal the order denying his suppression motion) with those rights waived by a guilty plea in cases where waiving the right to appeal is a condition of the plea bargain. To be sure, courts must inform defendants taking a plea of the rights waived by pleading guilty, such as the right to remain silent, the right to confront one's accusers and the right to a jury trial. In addition, however, courts must not only inform the defendants of their right to appeal, but must also elicit on the record that they are voluntarily, knowingly and intelligently waiving it as a condition of taking the plea.

It is well settled that a defendant may waive the right to appeal as part of a bargained-for plea agreement (see *People v Kemp*, 94 NY2d 831 [1999]), so long as the record demonstrates that it was made knowingly, intelligently and voluntarily (see *People v Muniz*, 91 NY2d 570 [1998]). Though a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned, it must make certain that the defendant's understanding of the terms and conditions of a plea agreement are evident on the face of the record (see *People v Callahan*, 80 NY2d 273, 280 [1992]). The record must establish, for example, that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty—the right to remain silent, the right to confront one's accusers and the right to a jury trial (see *People v Lopez*, 6 NY3d 248, 256-257 [2006]).

In the case at hand, defendant did not make a valid waiver of his right to appeal the suppression order since the court did not distinguish the appeal waiver from the rights automatically waived by the guilty plea, and effectively conflated them. After outlining the promised sentence to defendant, the court informed him of the rights automatically forfeited by his guilty plea, including the right to a jury trial, to confrontation, to giving testimony, and to call witnesses on his behalf, which defendant stated that he understood. The court then instructed defendant that he would have had a right to an appeal had he gone to trial, and that by taking the plea, he was giving up that right. This was insufficient to demonstrate that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty and that the waiver was made knowingly, intelligently and voluntarily (*see e.g. People v Moyett*, 7 NY3d 892, 893 [2006] [court's advice to defendant that "by pleading guilty you give up your right to appeal the conviction" invalid for waiver]; *People v Boustani*, 300 AD2d 313, 314 [2002], *lv denied* 99 NY2d 612 [2003] [court's bare inquiry, "Now, you understand by pleading guilty you are waiving . . . your right to appeal; do you understand that," was insufficient to elicit an effective waiver]). Defendant should have been informed, for example, that a guilty plea does not, by itself, waive or foreclose review of an order denying a motion to suppress evidence (CPL 710.70 [2]).

Furthermore, although defendant stated at the outset of the plea proceeding that he was satisfied with the services of his attorney, the court did not ask defendant if he had spoken with his attorney about the waiver of the right to appeal, and there was no written waiver. Finally, at sentencing, defendant was informed of his right to appeal and neither the People nor defense counsel mentioned that defendant had waived his right to appeal.

Nevertheless, upon our in camera review of the search warrant materials, including the affidavit in support of the warrant application and the testimony of the confidential informant before the issuing court, we are satisfied that there was probable cause to issue the warrant (*see People v Castillo*, 80 NY2d 578 [1992], *cert denied* 507 US 1033 [1993]; *People v Edwards*, 1 AD3d 277 [2003], *lv denied* 1 NY3d 627 [2004]). Concur—Andrias, J.P., Nardelli, Catterson, Acosta and DeGrasse, JJ.