■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIRK BRAITHWAITE, Appellant. [901 NYS2d 269]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered May 18, 2009, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to concurrent terms of two years for each of the three counts, to be followed by three years of postrelease supervision for third-degree possession and drug sale, and two years of postrelease supervision for fifth degree drug possession, unanimously affirmed.

We perceive no basis for reducing the sentence. However, defendant's purported waiver of his right to appeal was invalid. At the plea proceeding, defendant agreed to plead guilty to the three charges contained in the indictment in exchange for the promised sentence. After defendant acknowledged the various trial rights he was giving up by pleading guilty, the court stated: "You also give up your right to appeal. Had you gone to trial in this case and been convicted, you could have appealed the sentence as well as the conviction, by pleading guilty you give up that right too. Understood?" The defendant answered, "Yes." No mention was made of the appeal waiver at sentencing, and there was no written waiver executed.

The purported appeal waiver was invalid because defendant "may have erroneously believed that the right to appeal is automatically extinguished upon entry of a guilty plea" (*People v Moyett*, 7 NY3d 892, 893 [2006] [invalid waiver of appeal where court advised defendant that "by pleading guilty you give up your right to appeal the conviction"]). In this circumstance, and in the absence of a written waiver, there is no indication in the record that defendant understood the distinction between the right to appeal and the trial rights that are automatically forfeited as a result of a guilty plea (*id.*).

We previously have pointed out the problem with "the recurrent fusing, during allocution, of the defendant's right to appeal . . . with those rights waived by a guilty plea in cases where

waiving the right to appeal is a condition of the plea bargain" (*People v Williams*, 59 AD3d 339, 340 [2009], *lv denied* 12 NY3d 861 [2009]). Although "[a] court need not engage in any particular litany" to find a valid appeal waiver (*People v Burney*, 306 AD2d 173, 173 [2003], *lv denied* 100 NY2d 641 [2003] [internal quotation marks and citation omitted]), the better practice is for the court to secure a written waiver, along with a colloquy to ensure the defendant's understanding of its contents, or, at a minimum, to specifically articulate that the right to appeal is separate and distinct from the "panoply of trial rights automatically forfeited upon pleading guilty" (*People v Lopez*, 6 NY3d 248, 257 [2006]). A separate allocution on the waiver of the right to appeal is critical because "[b]y waiving the right to appeal in connection with a negotiated plea and sentence, a defendant agrees to end the proceedings entirely at the time of sentencing and to accept as reasonable the sentence imposed" (*id.* at 255). Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ.