Defendant’s waiver of his right to appeal was not knowingly, intelligently, and voluntarily made, as neither the court nor defense counsel made clear on the record that defendant understood that the right to appeal is separate and distinct from the numerous other trial rights automatically forfeited upon pleading guilty (see People v Braithwaite, 73 AD3d 656, 657 [1st Dept 2010], lv denied 15 NY3d 849 [2010]; see also People v Lopez, 6 NY3d 248, 256 [2006]). Nor did the written *558 waiver cure any ambiguity in the on-the-record discussion, as it did not ensure that defendant understood this concept (compare People v Carvajal, 68 AD3d 443 [1st Dept 2009], lv denied 14 NY3d 799 [2010]).
The court should have granted defendant’s suppression motion. As the People concede, under the facts presented the handcuffing of defendant elevated his seizure to an arrest requiring probable cause, and probable cause was absent at the time of the handcuffing. On appeal, the People rely entirely on a claim that the incriminating statement and physical evidence were attenuated from the illegality.
Although the unlawful seizure did not yield any incriminating evidence, the evidence obtained moments later was not sufficiently attenuated (see generally Brown v Illinois, 422 US 590, 603-605 [1975]; Wong Sun v United States, 371 US 471, 486 [1963]). Immediately after defendant and his companion were frisked, while still handcuffed, they asked why they had been stopped, and the officer said, “[Y]ou have a stolen card,” to which defendant replied, “I found it.” After defendant’s statement, the officer searched him and found a stolen credit card. These events were a direct result of and came seconds after the unlawful arrest and frisk, without any intervening events. Therefore, the card and defendant’s statement should have been suppressed as fruit of the initial illegality, notwithstanding that the statement was not the product of any interrogation or coercion (see People v Packer, 49 AD3d 184 [1st Dept 2008], affd 10 NY3d 915 [2008]). Concur — Acosta, J.P., Saxe, Moskowitz and Feinman, JJ.