Judgment, Supreme Court, New York County (Daniel P. Conviser, J., at suppression hearing; Roger S. Hayes, J., at plea and sentencing), rendered July 20, 2012, as amended September 4, 2012, convicting defendant, of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of four years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see *536 People v Lopez, 6 NY3d 248 [2006]). Not only did the court separate the right to appeal from the rights automatically forfeited as the result of a guilty plea (compare People v Williams, 59 AD3d 339, 340 [2009], lv denied 12 NY3d 861 [2009]), it expressly stated that by pleading guilty a defendant does not give up the right to appeal. It then explained that, in return for the negotiated plea and sentence, defendant was additionally agreeing to waive his right to appeal, and defendant acknowledged that he understood (see People v Chavez, 84 AD3d 630 [1st Dept 2011], lv denied 17 NY3d 858 [2011]).
This waiver forecloses defendant’s suppression claims. As an alternative holding, we also reject them on the merits. Defendant was lawfully arrested pursuant to the fellow officer rule, and the identification was confirmatory. Concur — Tom, J.E, Acosta, Freedman and Kapnick, JJ.