[24 NYS3d 639]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JENKINS, Appellant.

First Department, February 11, 2016

## APPEARANCES OF COUNSEL

*Seymour W. James, Jr., The Legal Aid Society*, New York City (*Adrienne M. Gantt* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Hope Korenstein* of counsel), for respondent.

## OPINION OF THE COURT

Tom, J.P.

In this appeal, defendant asks this Court to exercise its interest-of-justice power to review and reduce his sentence, negotiated pursuant to a plea agreement, on the grounds that his waiver of his right to appeal was invalid and that his sentence was excessive.

In February 2013, defendant was arrested after selling crack cocaine and marijuana to an undercover police officer. After apprehending him, the police recovered two credit cards and one photo ID card from his pocket, all belonging to an individual who was not defendant. Defendant was indicted for one count of criminal sale of a controlled substance in the third degree, one count of criminal sale of marijuana in the fourth degree, and two counts of criminal possession of stolen property in the fourth degree.

Before trial, defendant agreed to plead guilty to criminal sale of a controlled substance in the third degree and one count of criminal possession of stolen property in the fourth degree in satisfaction of all charges and in exchange for concurrent sentences of 2½ years on the criminal sale count and 1½ to 3 years on the stolen property count. As part of the bargain, he agreed to waive his right to appeal and judgment was entered as agreed upon.

■ Notwithstanding the waiver, defendant appealed to this Court asserting that his appeal waiver was invalid and unenforceable and that his sentence was excessive and should be modified in the interest of justice. We find that the record establishes that defendant was properly apprised of the implications of waiving his right to appeal and that defendant made a valid waiver of his right to appeal, which forecloses review of his excessive sentence claim (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]).

The record discloses that upon accepting defendant's guilty plea, the court, in a lengthy plea allocution, and after explaining all the "trial rights" defendant was waiving and ensuring he spoke to his attorney about the plea, and was satisfied with his legal help, then engaged in the following colloquy:

> "THE COURT: Now, in this case as part of the plea and sentence I promised you, you're being required to waive or give up your right to appeal this conviction.
>
> "Let me explain to you what that means. This is a separate right. It is not a trial right. It's a separate right, the right to appeal.
>
> "So normally a defendant has the right to appeal a criminal conviction . . .
>
> "An appeal is a legal proceeding before another court. It's a higher court. It's not before me or Judge Ward, it's before an appeals court.
>
> "On the appeal a defendant, through his lawyer, can argue that some mistake was made in connection with his case, some error, something was wrong. You could also argue that the sentence was too much, too harsh and ask for a lower sentence if one was allowed by law . . .

"Now, normally even when a defendant pleads guilty he still has certain rights. With the guilty plea you don't give up all your rights normally.

"In this case because of the sentence that I'm promising you, you're being required to give up your right to appeal any aspect of this case in return for the plea and sentence I promised you.

"So do you understand that explanation?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you willing to do that?

"THE DEFENDANT: Yes, sir."

This language exceeds the colloquy that provided for a valid waiver in *People v Nicholson*, one of the cases consolidated under *People v Lopez* (6 NY3d at 254-255). The trial court ensured that defendant understood that the right to appeal was separate from the "panoply of trial rights automatically forfeited upon pleading guilty," and advised him that while he "ordinarily retains the right to an appeal even after pleading guilty, in this case he was being offered a particular plea by the prosecution on the condition that he give up that right" (*Lopez*, 6 NY3d at 257; *see also People v Rahman*, 129 AD3d 553, 554 [1st Dept 2015], *lv denied* 26 NY3d 933 [2015] ["The court discussed the waiver in detail and sufficiently ensured that defendant understood that the right to appeal is separate and distinct from the other rights automatically forfeited by pleading guilty"]). As was the case in *Nicholson*, it would have been better to secure a written waiver of the right to appeal. However, the record is sufficient to establish that defendant knowingly, voluntarily and intelligently waived his right to appeal (*Lopez*, 6 NY3d at 256, citing *People v Calvi*, 89 NY2d 868, 871 [1996]).

■ A defendant who has validly waived his right to appeal may not invoke this Court's interest-of-justice jurisdiction to reduce a bargained-for sentence (*Lopez*, 6 NY3d at 255-256). "By pleading guilty and waiving the right to appeal, a defendant has forgone review of the terms of the plea, including harshness or excessiveness of the sentence" (*id.* at 256).

To be sure, as the Court of Appeals clarified in *Lopez*, the Appellate Division may be divested of its unique interest-of-justice jurisdiction only by constitutional amendment (6 NY3d at 255, citing *People v Pollenz*, 67 NY2d 264, 267-268 [1986]). However, as *Lopez* went on to hold, "a defendant is free to relinquish the

right to invoke that authority and indeed does so by validly waiving the right to appeal" (*id.*).

In *People v Seaberg* (74 NY2d 1 [1989]), the Court of Appeals further explained that "[b]y pleading guilty a defendant forecloses the appellate court from reviewing the merits of the plea bargain in the interest of justice and there is nothing inherently wrong in a defendant similarly electing to foreclose review of a negotiated sentence" (*id.* at 10). Stated another way,

> "a bargained-for waiver of the right to appeal . . . does not operate to deprive the appellate court of its jurisdiction of the appeal. Instead, it merely forecloses appellate review of all claims that might be raised on appeal, except, of course, those categories of claims that survive such waivers under our case law" (*People v Callahan*, 80 NY2d 273, 285 [1992]).

Further, as the majority in *Lopez* noted, as a practical matter the request to reduce a sentence as excessive is "brought to an appellate court's attention only when raised by defendants" (6 NY3d at 256). Thus, while the Appellate Division may technically retain its interest-of-justice jurisdiction at all times, a defendant cannot "eviscerate" an agreement not to appeal a conviction and rely on the Court's inherent discretionary powers to reduce the sentence. Indeed, such a result would render a valid waiver of appeal meaningless and would be detrimental to the goals of "fairness and finality in criminal matters[, which] are accomplished only insofar as the parties are confident that the 'carefully orchestrated bargain' of an agreed-upon sentence will not be disturbed as a discretionary matter" (*id.* at 256, quoting *People v Seaberg*, 74 NY2d at 10).

In short, "[h]aving received the benefit of his bargain, defendant should be bound by its terms" (*People v Lopez*, 190 AD2d 545, 545 [1st Dept 1993]). This record provides no compelling evidence of special circumstances warranting the contrary.

Accordingly, the judgment of the Supreme Court, New York County (Roger S. Hayes, J.), rendered March 20, 2014, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second drug felony offender, to an aggregate term of 1½ to 3 years, should be affirmed.

FRIEDMAN, SAXE and KAPNICK, JJ., concur.

Judgment, Supreme Court, New York County, rendered March 20, 2014, affirmed.