(March 1, 2016)

■ The People of the State of New York, Respondent, v Jeffrey Bryant, Appellant. [26 NYS3d 58]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 17, 2014, convicting defendant, upon his plea of guilty, of four counts of grand larceny in the fourth degree, and sentencing him to four consecutive terms of 1 to 3 years, modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentence for the conviction under count three of the indictment be served concurrently with the other sentences, and otherwise affirmed.

We first find that defendant's waiver of his right to appeal was invalid. A waiver of the right to appeal is not effective unless it is apparent from the record that it was made knowingly, intelligently and voluntarily (*People v Lopez*, 6 NY3d 248, 256 [2006]). For a waiver to be effective, the record must demonstrate that the defendant has a full appreciation of the consequences of the waiver (*People v Bradshaw*, 18 NY3d 257 [2011]), including an understanding "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256). Similarly, a waiver is not effective if the "trial court characterizes an appeal as one of many rights automatically extinguished upon entry of a guilty plea" (*id.*).

Here, the court never adequately explained the nature of the waiver, the rights the defendant would be waiving, or that the right to appeal was separate and distinct from the rights automatically forfeited upon a plea of guilty. Rather, the court merely stated that "as a part of this"—that is, as part of the

guilty plea—defendant was waiving his right to appeal and thus, that the convictions would be final because no appellate court would review them. Despite our dissenting colleague's suggestion otherwise, the problem with the waiver's validity is not that there was "some ambiguity in the court's colloquy." Rather, by using the phrase "as a part of this," the trial court expressly undercut the principle that a defendant must understand his waiver of appeal to be distinct from the rights forfeited upon a guilty plea (*see People v McCree*, 113 AD3d 557, 557-558 [1st Dept 2014]; *People v Williams*, 59 AD3d 339, 341 [1st Dept 2009], *lv denied* 12 NY3d 861 [2009]).

Further, the dissent places undue emphasis on the existence of the written waiver. As we have held, the written waiver that defendant signed was no substitute for an on-the-record explanation of the nature of the right to appeal (*see People v Oquendo*, 105 AD3d 447 [1st Dept 2013], *lv denied* 21 NY3d 1007 [2013]). This conclusion holds especially true here, where the record does not make clear when defendant signed the waiver. Although the waiver itself states that defendant signed the waiver only "after being advised by the Court," it is not evident from the record whether defendant signed the waiver before the colloquy regarding his right to appeal, or whether he signed it after. Accordingly, the waiver was invalid and unenforceable (*Lopez*, 6 NY3d at 256; *People v Santiago*, 119 AD3d 484 [1st Dept 2014]).

After giving due consideration to the defendant's particular circumstances, we exercise our discretion to modify the sentence to the extent indicated (*see People v Farrar*, 52 NY2d 302, 305 [1981]; Penal Law § 1.05 [6]). Concur—Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.

Tom, J.P., dissents in a memorandum as follows: The record contradicts the majority's conclusion that defendant was not properly apprised of the implications of waiving his right to appeal. Thus, defendant's valid waiver of the right to appeal forecloses appellate review of his excessive sentence claim (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]).

The record discloses that upon accepting defendant's guilty plea, the court, in a lengthy plea allocution, engaged in the following colloquy:

"THE COURT: All right. Sir, you understand that also as a part of this you are waiving your right to appeal. You understand that this conviction, or these convictions will be final, that a court will not review what we have done here, other than some residual rights that remain?

"Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Have you gone over that with your attorney?

"THE DEFENDANT: Yes.

"THE COURT: There is a document entitled waiver of appeal. I see that you executed that document. Do you have any questions about it?

"THE DEFENDANT: No."

This language tracks the same colloquy that provided for a valid waiver in *People v Nicholson,* one of the cases consolidated under *People v Lopez* (6 NY3d 248, 254-255 [2006]), and, with the written waiver in this case, even exceeds *Nicholson*. In the written waiver, signed both by defendant and his attorney, defendant expressly acknowledges as follows: "I understand that the right to appeal is separate and distinct from other rights automatically forfeited upon a plea of guilty." Further, "I also understand that by waiving my right to appeal, I am giving up the right to raise on appeal a number of claims that I could otherwise raise even after a guilty plea. In particular, I understand that I am waiving my right to ask the Appellate Division to review the terms of the plea and reduce my sentence, and my right to appeal the denial of any suppression motion I made." Finally, "I execute and sign this waiver knowingly, intelligently and voluntarily" and "have had a full opportunity to discuss these matters with my attorney and any questions I may have had have been answered to my satisfaction." After defendant acknowledged that he had gone over the terms of the document with his attorney, the court asked if he had any questions regarding the waiver, to which defendant responded, "No." I conclude that this colloquy is clearly adequate under *Nicholson* for the enforcement of the waiver of appeal by defendant.

A defendant who has validly waived his right of appeal may not invoke this Court's interest-of-justice jurisdiction to reduce a bargained-for sentence (*People v Lopez,* 6 NY3d 248, 255-256 [2006]), particularly where the waiver is documented by a writing. "By pleading guilty and waiving the right to appeal, a defendant has forgone review of the terms of the plea, including harshness or excessiveness of the sentence" (*id.* at 256). Waiver will be enforced "so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (*id.,* citing *People v Calvi,* 89 NY2d 868, 871 [1996]). It is essential that a defendant understand that the right to appeal is distinct from "the panoply of trial rights automatically forfeited upon pleading guilty" (6 NY3d at 257). While this explanation may be given verbally by the court, it is "even better to secure a written waiver including such explanation (as in *Lopez*)" (*id.*).

Here, defendant acknowledged before the Court that he fully understood the terms of the written waiver after consulting with his attorney. Contrary to the majority's position, even if there is some ambiguity in the court's colloquy, the waiver is still valid if defendant also executed a detailed written waiver (*People v Ramos*, 7 NY3d 737 [2006]), since "the written waiver ensured defendant understood that in addition to the rights he was giving up by pleading guilty, he was separately giving up his right to appeal as a bargained-for condition of the plea" (*People v Carvajal*, 68 AD3d 443, 443 [1st Dept 2009], *lv denied* 14 NY3d 799 [2010]).

It is clear from the Court of Appeals' decision in *Lopez* that a written waiver incorporating the explanation that the right to appeal is a distinct right fulfills the requirement to demonstrate that waiver of such right was knowing, intelligent and voluntary. Thus, the defendant cannot "invoke the court's review power" to disturb the terms of the negotiated plea agreement (*Lopez*, 6 NY3d at 262, 256 [fairness and finality are promoted only if parties to a plea agreement are confident that "an agreed-upon sentence will not be disturbed as a discretionary matter"], citing *People v Seaberg*, 74 NY2d 1, 10 [1989] ["the public interest concerns underlying plea bargains generally are served by enforcing waivers of the right to appeal"]; *People v Jenkins*, 138 AD3d 102 [1st Dept 2016]). Nor can we "sua sponte" reduce the sentence (*People v Jenkins*; *see also People v Romano*, 45 AD3d 910, 913-914 [3d Dept 2007], *lv denied* 10 NY3d 770 [2008]).

In short, "[h]aving received the benefit of his bargain, defendant should be bound by its terms" (*People v Lopez*, 190 AD2d 545, 545 [1st Dept 1993]). This record provides no compelling evidence of special circumstances to the contrary.

Accordingly, the judgment should be affirmed in all respects.