People v Muniz (2018 NY Slip Op 05060)





People v Muniz


2018 NY Slip Op 05060


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-04629

[*1]The People of the State of New York, respondent,
v
Jeremy Muniz, appellant. (S.C.I. No. 659/16)


The Legal Aid Society, New York, NY (Allen Fallek of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Dorothy Chin-Brandt, J.), imposed April 5, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Where, as here, a written waiver of the right to appeal is executed by the defendant, "a knowing and voluntary waiver cannot be inferred from a silent record" (People v Callahan, 80 NY2d 273, 283; see People v Brown, 122 AD3d 133, 138). Rather, " some judicial examination of the waiver itself with a manifestation expressed on the record, as may be appropriate, is necessary to show satisfaction of [those] protocols'" (People v Brown, 122 AD3d at 141[emphasis omitted], quoting People v Calvi, 89 NY2d 868, 871; see People v Tyrell, 22 NY3d 359). In this case, the Supreme Court failed to elucidate the rights that the defendant was waiving, and the court's perfunctory questioning of the defendant with regard to his understanding of the document he was signing was insufficient to establish that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Brown, 122 AD3d at 140). Therefore, the defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264-265; People v Policastro, 142 AD3d 679) and, thus, does not preclude review of his excessive sentence claim. However, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., AUSTIN, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court