People v Orenstein (2024 NY Slip Op 04614)

People v Orenstein

2024 NY Slip Op 04614

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Ind No. 211/19 2303/19 SCI No. 1605/19 Appeal No. 2621-2622 Case No. 2020-00558 2021-03492 

[*1]The People of the State of New York, Respondent,
v
Benjamin Orenstein, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Everett K. Hopkins of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Guy Mitchell, J.), rendered October 17, 2019, as amended January 15, 2020, convicting defendant, upon his pleas of guilty, of two counts of grand larceny in the third degree, and sentencing him, as a second felony offender, to consecutive terms of 2 to 4 years, and judgment, same court (Kate Paek, J.), rendered September 22, 2021, convicting defendant, upon his plea of guilty, of attempted burglary in the third degree and identity theft in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 1½ to 3 years, to run consecutively with the sentences imposed on his convictions of grand larceny in the third degree, unanimously affirmed.
Defendant failed to preserve his claims that the court imposed a prison sentence without sufficient inquiry into his termination from the substance abuse treatment program, in which he enrolled as a term of his plea agreement, and that the court failed to evaluate the program's ability to meet his treatment needs (see People v Stephens, 108 AD3d 414 [1st Dept 2013], lv denied 21 NY3d 1077 [2013]), and we decline to review them in the interest of justice. As an alternative holding, we find that the sentencing court providently exercised its discretion in imposing sentence (see People v Fiammegta, 14 NY3d 90, 96 [2010]). Defendant violated the no-arrest condition of his plea agreement, and he did not dispute the validity of his new arrest (see People v Outley, 80 NY2d 702, 712-713 [1993]). Accordingly, defendant was not entitled to further inquiry into his discharge from the program or the suitability of the program (see People v Matosevic, 136 AD3d 437 [1st Dept 2016], lv denied 27 NY3d 1071 [2016]).
Defendant's purported waiver of the right to appeal during his first plea proceeding, in connection with his convictions of grand larceny in the third degree, was invalid because the court did not inform defendant that he would normally have the right to appeal his case to this Court (see People v Jenkins, 138 AD3d 102, 105 [1st Dept 2016], lv denied 27 NY3d 1070 [2016]), nor did the court ensure that defendant understood the written waiver or reviewed it with counsel (see People v Thorne, 207 AD3d 73, 77 [1st Dept 2022]). Defendant's valid waiver of appeal during his second guilty plea allocution, involving attempted burglary in the third degree and identity theft in the second degree (see generally People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US -, 140 S Ct 2634 [2020]), forecloses review of his excessive sentence claim in that case (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]).
In any event, we perceive no basis for reducing any of the sentences.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024