People v Wann (2025 NY Slip Op 01322)

People v Wann

2025 NY Slip Op 01322

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Moulton, J.P., Kennedy, Gesmer, Mendez, Rodriguez, JJ. 

Ind. No. 1932/19|Appeal No. 3879|Case No. 2022-05464|

[*1]The People of the State of New York, Respondent,
v
Alpha Wann, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia Kind-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Timothy W. Lewis, J.), rendered November 30, 2022, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him to five years of probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed on defendant at sentencing, and otherwise affirmed.
Under the "totality of the circumstances," defendant's waiver of the right to appeal was invalid (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). There is no written waiver in the record and the transcript contains no reference to one. The court's brief colloquy "did not adequately explain the nature of the right to appeal to defendant" (People v Coleman, 225 AD3d 477, 477 [1st Dept 2024], lv denied 41 NY3d 1001 [2024]). By instructing defendant that "these days what happens is the prosecutor requires you to waive your right to appeal," the court led defendant to "erroneously believe that the right to appeal is automatically extinguished upon entry of a guilty plea" (People v Braithwaite, 73 AD3d 656, 656 [1st Dept 2010], lv denied 15 NY3d 849 [2010]). Additionally, the court failed to "make clear that the right to appeal is separate and distinct from the trial rights defendant was waiving by entering a guilty plea" (People v Cisse, 228 AD3d 440, 441 [1st Dept 2024]). Under these circumstances, we find that the appeal waiver was not knowing and voluntary (see People v Bradshaw, 18 NY3d 257, 264 [2011]). However, we perceive no basis for reducing the sentence.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Leggett, 219 AD3d 1253 [1st Dept 2023], lv denied 40 NY3d 1081 [2023]; People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025