People v Truxler (2025 NY Slip Op 01878)

People v Truxler

2025 NY Slip Op 01878

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Ind No. 1942/17|Appeal No. 4003|Case No. 2022-05802|

[*1]The People of the State of New York, Respondent,
v
Keith Truxler, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Gamaliel Marrero of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marsha Michael, J., at search warrant application, David L. Lewis, J., at plea and sentencing), rendered February 28, 2020, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a five-month term of incarceration, unanimously affirmed.
Defendant's argument that his gun possession conviction is unconstitutional in light of the Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) is not properly before this Court. Defendant filed an untimely CPL 210.20 motion, two and one-half years after he was sentenced, that the court treated as a CPL 440.10 motion and denied. He also filed a separate CPL 440.10 motion, about four months after his first motion, that was materially the same as the initial motion. Because obtaining permission from a Justice of this Court is a prerequisite to the Court's consideration of an appeal from the denial of a CPL 440.10 motion (see CPL 450.15[1], 460.15), and defendant failed to obtain leave to appeal, the Court lacks jurisdiction to review defendant's claim.
As an alternative holding, we find that defendant lacked standing to challenge New York's gun licensing scheme because he did not apply for a gun license (see United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]; People v Liriano, 226 AD3d 520, 521 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]) and that he has failed to establish that his conviction is unconstitutional under Bruen (see People v Cherif, 220 AD3d 543 [1st Dept 2023], lv denied 40 NY3d 1079 [2023]; People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]). Furthermore, we decline to address defendant's unpreserved claim that a blanket prohibition of people with one or more felony convictions from possessing a gun is unconstitutional.
Upon our in camera review of the search warrant materials, including the testimony of the confidential informant at the hearing, we are satisfied that there was probable cause to issue the warrant (see People v Williams, 59 AD3d 339, 341 [1st Dept 2009], lv denied 12 NY3d 861 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025