■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. PETERSON, Appellant. [989 NYS2d 896]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Hinrichs, J., at plea; Condon, J., at sentence), imposed March 25, 2011, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Under the circumstances of this case, the defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v DeSimone*, 80 NY2d 273, 283 [1992]) and, thus, does not preclude review of his excessive sentence claim. However, contrary to the defendant's contention, the period of postrelease supervision imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Rivera, Lott and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT REINHARDTSEN, Appellant. [989 NYS2d 897]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered January 5, 2011, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 140.25 [2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.